

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CAMPO MUSIC SHOPPING CENTER         *     CIVIL ACTION
CONDOMINIUM ASSOCIATION


VERSUS                              *     NO. 07-5449


EVANSTON INSURANCE COMPANY          *     SECTION "F"



ORDER AND REASONS

Before the Court is the plaintiff's motion to remand and its request for costs and attorney's fees under 28 U.S.C. § 1447(c). For the reasons that follow, the plaintiff's motion to remand is GRANTED, as is the motion for costs and fees, and the defendant is ordered to pay the reasonable costs and attorney's fees incurred by Campo Music Shopping Center Condominium Association as a result of the improper removal of this case. The amount of costs and fees shall be determined by the magistrate judge.


Background

This suit arises out of an insurance contract between Campo Music Shopping Center Condominium Association and its insurer,

Evanston Insurance Company. Campo sued Evanston in state court for damage to its property, allegedly caused by Hurricane Katrina. Campo included in its state court petition language from a "service of suit" provision in the insurance contract, which states that the defendants "will submit to the jurisdiction of any Court of Competent Jurisdiction within the United States of America and will comply with all requirements necessary to give such Court jurisdiction...." The defendant nevertheless removed the action to this Court, asserting that removal was proper under 28 U.S.C. § 1441 because this Court has diversity jurisdiction under 28 U.S.C. § 1332. The plaintiffs now move for remand, based on the service of suit provision. The plaintiff adds that there was no objectively reasonable basis in law or fact for the defendant to remove this case, and, therefore, asks for costs and attorney's fees incurred in opposing removal.

I.

The first issue is whether the action must be remanded to state court. A defendant may generally remove a civil action if the federal court would have had original jurisdiction over the case. See 28 U.S.C. § 1441(a). It is well-settled in the Fifth Circuit, however, that an insurer may not remove an action filed in state court if the insurance contract includes a service of suit provision like the one in this case. In City of Rose City v. Nutmeg Ins. Co., 931 F.2d 13 (5th Cir. 1991), the court of appeals held

that a service of suit clause substantially identical to the one here gave the insured the right to choose the forum in which to try its claims against the insurer; if the insured chooses to file in state court, the case may not be removed. 931 F.2d at 15. Evanston contends that Nutmeg does not control this case, because Evanston initially filed an action against Campo for declaratory relief in federal court *before* Campo filed its action in state court. But this is the same fact setting the Fifth Circuit dealt with in International Ins. Co. v. McDermott Inc. 956 F.2d 93, 95 (5th Cir. 1992), in which the court of appeals found that the insurer's filing of an action for declaratory relief in federal court did not trump the insured's right to bring a subsequent action in state court. In reaching this conclusion, the Fifth Circuit expressly reaffirmed the holding of Nutmeg, that the service of suit clause gives the insured the right to *choose which forum in which to* pursue the claim. Id. at 95. The court of appeals also stated in a footnote that: "[i]f the issues in [the state case] prove to be duplicative of issues in the federal action, then it will be up to the *state court* to decide what action to take to avoid trying the same case in two courts." Id. at 96 (emphasis added). Because the service of suit clause in the Evanston insurance contract clearly prevents the defendant from removing Campo's action, the case must be remanded.

II.

The plaintiff also requests reasonable costs and attorney's fees incurred as a result of the removal, under 28 U.S.C. § 1447(c). The propriety of removal is central to the determination whether to impose fees. See Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993); Ferguson v. Security Life of Denver Insurance Co., 996 F.Supp. 597, 604 (N.D. Tex.), aff'd, 162 F.3d 1160 (5th Cir. 1998) (Table). As the Supreme Court recently explained in Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (2005), "the standard for awarding fees should turn on the reasonableness of the removal." Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (2005).

Here, the nonremovability of Campo's action seems obvious. The forum selection provision in the insurance contract was drafted by Evanston. When Campo filed its complaint in state court, it sent the defendant a letter stating that "the 'Service of Suit' clause in Evanston's policy constitutes [a] of wavier of Evanston's right to remove this case to federal court," and, in this letter, Campo included citations to City of Rose City v. Nutmeg Ins. Co., 931 F.2d 13 (5th Cir. 1991) and Willwoods Community v. Essex Ins. Co., 2006 WL 3733836 (E.D. La. 2006). Evanston mistakenly argues that it had a legitimate basis for removing the action, because: (1) there

was diversity of the parties, and (2) it had no way of knowing whether Campo would raise the issue of the service of suit clause to prevent removal. Furthermore, the defendant says that the service of suit clause was arguably negated when it filed suit for declaratory relief in federal court. But neither the language of the forum selection provision nor the decisions in the Fifth Circuit offer any support for Evanston's position. In fact, in <u>McDermott</u> the court of appeals explicitly recognized that a service of suit clause like the one in this case "allow[s] the insured to choose which forum will hear *its* action and [allows] the insurer to choose which forum will hear *its* action," even when *the insurer is* first to file in federal court. 956 F.2d at 95. Although Campo did not refer to <u>McDermott</u> in its letter to Evanston advising that removal would be improper, Campo is not obligated to point out each and every relevant case to establish that a service of suit provision precludes removal.

Because there was no basis in existing law for the defendant to remove this case, the Court exercises its discretion pursuant to 28 U.S.C. 1447(c) to award the plaintiff the reasonable costs and attorney's fees incurred as a result of the defendant's improper removal. See <u>Excell, Inc. v. Sterling Boiler & Mechanical, Inc.</u>, 106 F.3d 318 (10th Cir. 1997) (costs and attorney's fees awarded where forum selection clause precluded removal and defendant refused plaintiff's request to voluntarily remand); <u>Sees v. Fagen</u>, 2002 WL 460233 (N.D. Tex. 2002)(no objectively reasonable basis for

removing a case where forum selection clause prohibited removal and the one-year removal period had expired). The issue of quantum will be referred to the magistrate judge.

New Orleans, Louisiana, October 31, 2007.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　MARTIN L. C. FELDMAN
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT