UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CAMPO MUSIC SHOPPING CENTER**                    CIVIL ACTION
**CONDOMINIUM ASSOCIATION**

**VERSUS**                                          NO:      07-05449

**EVANSTON INSURANCE CO.**                          SECTION:  "F" (4)

REPORT AND RECOMMENDATION

Before the Court is a **Motion to Fix Attorney's Fees (R. Doc. 16)** filed by the Plaintiff, Campo Music Shopping Center Condominium Association ("Campo"), which was referred to the undersigned United States Magistrate Judge for a determination of the appropriate amount of attorney's fees and costs and to submit Proposed Findings and Recommendations pursuant to Title 28 U.S.C. § 636 (b)(1)(B).  (R. Doc. 13.)

In its motion, Campo seeks the recovery of attorney fees in the amount of $3,899.00.  (R. Doc. 16-2, p. 2.)   The Defendant, Evanston Insurance Co. ("Evanston") opposes the motion in its Memorandum in Opposition to Motion to Fix Attorney's Fees (R. Doc. 18).

**I.      Background**

This matter arises out of an insurance contract between Campo and its insurer, Evanston. Campo sued Evanston in state court for damage to its property at 9930 Lake Forest Boulevard, New Orleans, Louisiana, which was allegedly caused by Hurricane Katrina.  (R. Doc. 1.)  The insurance contract contained language indicating that Evanston agreed to submit to the jurisdiction of "any Court of Competent Jurisdiction," but Evanston later removed the action to this Court.  (R. Doc. 1.) On review of a motion to remand filed by Campo, the U.S. District Court Judge Martin L.C.

Feldman ("Judge Feldman") found that there was no objectively reasonable basis in law or fact for Evanston to have removed the case. (R. Doc. 12.) Accordingly, Judge Feldman remanded the matter to state court. (R. Doc. 12.) At Campo's request, Judge Feldman also found that the award of attorney's fees was appropriate and referred the determination of a reasonable fee award to the undersigned for consideration.

Thereafter, the Court issued an Order (R. Doc. 15), directing Campo to itemize its requested fee and provide documentary support for its fee application. Campo complied with the Order, and submitted the affidavits of its counsel, Jeffery B. Struckhoff ("Struckhoff") and Terence J. Lestelle ("Lestelle"). Evanston subsequently opposed Campo's application. Therefore, the attorney's fee issue is now joined and the Court will proceed with its review of Campo's application.

**II.     Analysis**

    **A.     The Billing Rate**

Attorney's fees are to be calculated at the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). In the instant case, it is uncontested that the relevant community here is the legal market in New Orleans, Louisiana.

The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate, at a minimum, is more than an affidavit of the attorney performing the work. *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum*, 465 U.S. at 896 n.11)). It must also speak to rates actually billed and paid in similar lawsuits. Thus, testimony that a given fee is reasonable is

not satisfactory evidence of market rates. *See Hensley v. Eckerhart,* 461 U.S. 424, 439 n. 15 (1983).

Evidence of rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman,* 836 F.2d at 1299.

### 1.     Struckhoff

First, Campo submits an affidavit by Struckhoff, its attorney in the matter. Struckhoff is an attorney associated with Lestelle & Lestelle, PLC. (R. Doc. 16-3, Ex. 1.) He has been associated with the firm since 2005 and has been a licensed member in good standing with the Louisiana Bar Association since October 2005. (R. Doc. 16-3, Ex. 1.) He is a graduate of Loyola University of New Orleans where he received his Juris Doctorate. (R. Doc. 16-3, Ex. 1.) In total, he has been practicing law for almost three (3) years. (R. Doc. 16-3, Ex. 1.)

Campo asserts that Struckhoff's hourly rate is $210.00. However, as proof of the reasonableness of the rate charged, Campo only provides the affidavit by Struckhoff, the attorney performing the work. In fact, in the affidavit, Struckhoff fails to attest to the work that he performs for which his firm bills at the $210.00 rate.

### 2.     Lestelle

Campo also claims a rate of $280.00 a hour for work performed by its lead attorney on the case, Lestelle. Lestelle is a named partner at Lestelle & Lestelle, PLC. (R. Doc. 16-4, Ex. 2.) As proof of the reasonableness of the rate charged, Campo again only provides the affidavit of Lestelle himself, the attorney performing the work. In the affidavit, Lestelle states that he received his Juris

Doctorate from Loyola Law School in 1974 and was a member of the Loyola Law Review. (R. Doc. 16-4, Ex. 2.)  In addition, he asserts that he obtained a Master of Laws, or an LL.M degree in Maritime Law at the University of London in 1976 and is a "Proctor in Admiralty." (R. Doc. 16-4, Ex. 2.)  He further states that he has been admitted to practice in the state of Louisiana since 1974 and has practiced extensively in both state and federal courts for over thirty (30) years, in which he has handled many cases against insurance companies.  (R. Doc. 16-4, Ex. 2.)

Campo has offered no evidence, other than the affidavits, that the rates charged for its counsel's services are in line with the prevailing rates charged by attorneys with similar experience or education in the community.   It does however refer the Court to *Henry v. Allstate Insurance Co.*, Civ. A. 07-01738F, R. Doc. 33 (E.D. La. Aug. 23, 2007), as evidence that its requested hourly rates for counsel's work are aligned with those rates of other local attorneys with similar skill, experience, and reputation.  However, after reviewing the docket in that matter, the Court notes that the court in *Henry* never considered the reasonableness of the requested fees, but rather dismissed the fee request "as moot."  *Id.* at R. Doc. 53 (Oct. 11, 2007).  Furthermore, Campo did not cite an authoritative court ruling in *Henry*, but rather referred the Court to a partisan pleading filed by an attorney in an unrelated case.  Therefore, *Henry* does not support Campo's position here.

Evanston opposes the reasonable of the rates sought by counsel for Campo.  Particularly, it alleges that the rates sought are excessive in this jurisdiction for attorneys with comparable experience.  In support of its position, Evanston cites to several cases that the rate sought for Struckhoff is excessive because an attorney with seven (7) years of experience was only awarded $175.00.  *Lytal v. Enterprises, Inc. v. Newfield Exploration Col.,* Civ. A. 06-33, 2006 WL 3366128, at *7 (E.D. La. Nov. 17, 2006).  The undersigned agrees that the rate sought for Struckhoff's legal

work is excessive and that a reasonable rate, given Struckhoff's limited years of legal experience, is $150.00 per hour.

Additionally, Evanston points out that lead trial counsel in a Family Medical Leave Act case with twenty-four (24) years of experience was awarded only $225.00 per hour, when in this case, Lestelle seeks an award of $280.00 per hour. *Downey v. Strain*, Civ. A. 04-2593-SS, 2006 WL 1581234, at *5 (E.D. La. Jun. 5, 2006). Further, in a voting rights case in which the attorney had thirty (30) years of experience, like Lestelle, plus judicial experience as a former federal judge, the court found that a rate of $250.00 was reasonable. Considering the market rate in Louisiana as demonstrated by a review of other cases involving attorneys with similar year of experience, the Court finds that $250.00 per hour is a reasonable billing rate for Lestelle.

### B. <u>Reasonable Fees Charged</u>

The party seeking attorneys' fees must present adequately documented time records to the court. *Watkins v Fordice,* 7 F.3d 453, 457 (5th Cir. 1993). As a general proposition, all time that is excessive, duplicative or inadequately documented should be excluded from any award of attorney's fees. *Raspanti v. United States Dept. of the Army,* Civ. A. 00-2379, 2001 WL 1081375, at *6 (E.D. La. Sept. 10, 2001). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)). The fee seeker's attorneys are "charged with the burden of showing the reasonableness of the hours they bill and, accordingly, . . . proving that they exercised billing judgment." *Walker,* 99 F.3d at 770. When billing judgment is lacking, the court must exclude from the lodestar calculation the hours that were not reasonably expended. *Hensley,* 461 U.S. at 434.

In reviewing the time sheets submitted by Campo, the Court notes that Campo seeks to recover attorney's fees for a total of 17.50 hours expended by Struckhoff and 0.80 hours of legal work performed by Lestelle. (R. Doc. 16-5, Ex. 3.) The Court finds that the hours are not excessive, duplicative, or unreasonable. The Court finds that Campo is entitled to a reasonable fee for the work performed by Struckhoff for a total of 17.50 hours multiplied by a rate of $150.00, for $2,625.00. Additionally Campo is entitled to a reasonable for the work of Lestelle at an hourly rate of $250.00 multiplied by 0.80 hours, for a total fee of $200.00. Accordingly,

### III.   Recommendation

**IT IS RECOMMENDED** that the **Motion to Fix Attorney's Fees (R. Doc. 16)** be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Campo be awarded reasonable attorney's fees in the amount of **$2,825.00**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 28th day of April 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**